```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal No. 06-126 (JBS) |
| WILLIAM BROWN, WILLIAM HERNANDEZ, LAWRENCE JOHNSON, and RASHEEN MINES, | ORDER PERTAINING TO RULE 404(b) EVIDENCE |
| Defendants. | |

This matter came before the Court upon motion of the United States [Docket Item 38] to admit certain evidence at trial; and

The Court having considered the written submissions of counsel and the oral arguments in support and opposition at a hearing on July 25, 2006; and

The Court finding, for reasons stated in an Oral Opinion on August 10, 2006, that this motion should be granted in part and denied in part;

IT IS, this **21st** day of **August, 2006,** hereby

ORDERED:

1. That evidence of telephone records and telephone recordings of Defendants BROWN and JOHNSON while confined post-arrest at the Philadelphia Prison System and the Federal Bureau of Prisons is ADMISSIBLE as probative of the identity of these defendants, their connection to the crimes, and the relationship of these

defendants to one another, and a suitable LIMITING INSTRUCTION will be given, if requested, regarding their temporary confinement after arrest and that they are presumed innocent of these charges; and the admissibility of these telephone records of a single call of Defendant MINES (there are no recordings) is DENIED WITHOUT PREJUDICE to the United States' right to renew this application if warranted by further developments;

2. That evidence of records of visitation to Defendants BROWN, JOHNSON, and MINES while previously detained in Pennsylvania on various occasions from 1999 through 2005 is INADMISSIBLE and DENIED WITHOUT PREJUDICE to the United States' right to renew this application if warranted by further developments;

3. That evidence of records pertaining to Defendant HERNANDEZ's cellular telephone use and of the cellular telephone bearing number (856) 491-2284 (the "Garcia cellular telephone") is ADMISSIBLE as probative to the connection between Hernandez and other defendants, his whereabouts during the crimes, and his alleged flight from the area immediately after the police pursuit; such evidence appears to be intrinsic to the crimes

      charged and gives rise to no undue prejudice to Hernandez;

4. That the admissibility of the fact that Defendant HERNANDEZ was on parole in Pennsylvania and that his Parole Officer provided assistance to investigators by identifying Hernandez's cell phone number and by assisting in Hernandez's arrest, need not be determined at this time provided that Defendant Hernandez, as proffered by his attorney Fortunato N. Perri, Jr., Esquire, is stipulating with the United States that the subject cellular telephone number was in fact Hernandez's telephone and that authorities learned this number during the course of their investigation, that the authorities arrested him, and that at the time of his arrest, Hernandez was in possession of this cellular telephone and of a key to the subject SUV vehicle that was pursued by police from New Jersey to Philadelphia, Pennsylvania, on December 26, 2005; if the stipulations are not forthcoming, then the Court, upon request, will revisit this issue;

5. The admissibility of Defendant JOHNSON's nickname of "Marv" derived from an arrest photo with the name "Marv" on Johnson's arm need not be decided in anticipation of a stipulation proffered on Johnson's

    behalf that he has the nickname of "Marv"; if such stipulation is not forthcoming, then the Court, upon request, will revisit this issue;

6. That evidence that Defendant MINES was previously arrested under the aliases "Rasheem Nelson" and "Rasheen Nelson" in 2001 and 2003 is INADMISSIBLE and DENIED WITHOUT PREJUDICE to the United States' right to renew this application if warranted by further developments;

7. That evidence that Defendant HERNANDEZ initially refused to comply with the Order to provide a saliva sample for DNA comparison is INADMISSIBLE and DENIED.

                                      **s/ Jerome B. Simandle**
                                      JEROME B. SIMANDLE
                                      U.S. District Judge